IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| BERNARD B. CAMPBELL, JR., | ) | |
| Plaintiff, | ) ) ) | Civil Action No. 7:21-cv-00458 |
| v. | ) ) | **MEMORANDUM OPINION** |
| WILLIAM EDWARD COOLEY, | ) ) ) | By:    Hon. Thomas T. Cullen United States District Judge |
| Defendant. | ) | |

Plaintiff Bernard B. Campbell, Jr., an inmate proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983 against his former court-appointed attorney, William Edward Cooley, and seeks leave of the court to proceed *in forma pauperis*. Having reviewed Campbell's filings, the court grants the request to proceed *in forma pauperis* but concludes that the complaint fails to state a cognizable claim under § 1983. Therefore, the court will dismiss the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii).

I.

According to the complaint and attached exhibits, the Circuit Court of Franklin County appointed Cooley to represent Campbell in two criminal cases. (Compl. ¶ E [ECF No. 1]; Compl. Ex. A [ECF No. 1-1].) Campbell claims that Cooley's representation was deficient in several respects. (*Id.* ¶ E.) In June 2021, Campbell filed a complaint with the Virginia State Bar concerning Cooley's representation. (Compl. Ex. E [ECF No. 1-1].) Campbell then moved for the appointment of a new attorney. (Compl. Ex. F [ECF No. 1-1].) On July 19, 2021, the Circuit Court granted Campbell's motion and relieved Cooley from further representation. (*Id.*) Campbell now seeks to recover damages from Cooley. (Compl. ¶ F.)

## II.

Under 28 U.S.C. § 1915, which governs *in forma pauperis* proceedings, the court has a mandatory duty to screen initial filings. *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656–57 (4th Cir. 2006). The court must dismiss a case "at any time" if the court determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

The standards for determining whether a complaint is subject to dismissal under § 1915(e)(2)(B)(ii) are the same as those which apply when a defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(6). *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). Thus, when reviewing a complaint under this provision, the court must accept the well-pleaded allegations as true and draw all reasonable factual inferences in the plaintiff's favor. *Id.* To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## III.

Campbell has filed suit against Cooper under 42 U.S.C. § 1983. Section 1983 imposes liability on anyone who, "under color of state law," deprives another person of any rights secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. A defendant cannot be held liable under § 1983 unless the plaintiff shows that the defendant acted under color of state law. *West v. Atkins*, 487 U.S 42, 48 (1988). "[T]he under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 56 U.S. 40, 50 (1999) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)).

- 3 -

The allegations in Campbell's complaint do not plausibly suggest that Cooper acted under color of state law. All of the alleged actions or omissions for which Campbell seeks to hold Cooper liable occurred during the course of Cooper's representation of Campbell. It is well-settled that an attorney, even when appointed by the court, does not act under color of state law when representing a defendant in a criminal case. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *Hall v. Quillen*, 631 F.2d 1154, 1155–56 (4th Cir. 1980). Accordingly, Campbell's claims against Cooper are not covered by § 1983.

### IV.

For the reasons stated, the court will dismiss Campbell's complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to Campbell.

**ENTERED** this 1st day of September, 2021.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE